**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Carl DORITY, Defendant-
Appellant.**

**No. 72–1314.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1973.

Decided Dec. 4, 1973.

Daniel A. Kruse (Court appointed), Cincinnati, Ohio, for appellant.

Eldon L. Webb, Lexington, Ky., for appellee; Eugene E. Siler, Jr., U. S. Atty., Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., on brief.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

WILLIAM E. MILLER, Circuit Judge.

Michael Carl Dority, the appellant, was tried with his co-defendant, George Epperson, and was convicted on a charge of selling a stolen motor vehicle in interstate commerce. 18 U.S.C. § 2313. He appeals his conviction, alleging violations of his fifth and sixth amendment rights.

In April of 1971 Dority was incarcerated in the city jail of Covington, Kentucky, on state charges of armed robbery and attempted burglary.[1] He was visited there by agent James Kearney of the F.B.I. After giving Dority the *Miranda* warnings, Kearney asked appellant whether he wished to waive his rights and make a statement. Dority said that instead of making a statement at that time, he would like a few days to consider what he should do. Four days later, when the agent returned, Dority said that he was ready to make a statement. Prior to taking the statement, the agent again identified himself and warned Dority as follows:

Before we ask you any questions, you must understand your rights.

You have the right to remain silent. Anything you say can be used against you in Court.

You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning, if you wish.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

Dority then signed the following waiver:

### WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

Subsequently, Dority signed a written confession which was introduced into evidence at trial.

Appellant contends that in spite of the warnings and the waiver, the confession was inadmissible because his lawyer was not present during the interview. The State of Kentucky had previously appointed counsel to represent Dority on the armed robbery charge. He argues, therefore, that the failure of the F.B.I. agent to notify his lawyer so that he might be present during the interview constituted a violation of his fifth and sixth amendment rights. Ap-

---

1. These charges are unrelated to the federal crime which is the subject of this appeal.

pellant concedes that the agent did not know that Dority had appointed counsel on the state charges but argues that the incarceration should have put the agent on notice that counsel may have been appointed. Consequently, it is urged that the agent should have inquired whether there was appointed counsel, and upon discovering that an appointment had been made, should have notified the lawyer before having any discussions with appellant.

We find that the agent did not violate appellant's constitutional rights by questioning him out of the presence of the attorney who had been appointed to represent him on other charges. Clearly, the agent was required to advise Dority of his rights under the fifth and sixth amendments, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but just as clearly the appellant may waive his right to counsel. 384 U.S. 475–476, 86 S.Ct. 1602. We find that, at least for the period of time in which he gave his statement, appellant knowingly and voluntarily waived his right to counsel in connection with the federal investigation. Even if a lawyer had been appointed to represent appellant on the federal charges, the agent was under no constitutional duty to refrain from talking with appellant out of the presence of his attorney, since the right to have counsel present was knowingly and voluntarily waived. United States v. Springer, 460 F.2d 1344, 1353 (7th Cir. 1972); Coughlan v. United States, 391 F.2d 371 (9th Cir. 1968). It is clear to us, in the present circumstances, that the agent did not act improperly in questioning appellant in the absence of state appointed counsel. Not only did appellant waive counsel, but the state appointment was unknown to the agent, see United States v. Van Dusen, 431 F.2d 1278, 1281 (1st Cir. 1970). Moreover, the state appointment was in connection with wholly unrelated charges.

During his opening remarks to the jury, the prosecutor observed that Epperson, appellant's co-defendant, had made a statement to the police. He began to describe that statement as follows:

We will show that Epperson made a number of statements, included in which he said, he admitted that he was with Dority at the time—

Appellant's counsel immediately objected to any use of Epperson's confession to incriminate Dority. The prosecutor agreed to make no further reference to Dority by name in describing the case against Epperson. Also the trial judge gave the following admonition to the jury:

Members of the Jury, you are admonished not to consider for any purpose the statement made by the U. S. Attorney in his opening statement as to certain alleged statements made by the defendant, Epperson, at a time when the defendant, Dority, was not present, as to the facts surrounding this case. Don't consider that statement for any purpose.

Later in the trial the prosecution called an F.B.I. agent as a witness for the purpose of reading Epperson's confession. References by name to the appellant contained in the Epperson confession were deleted and in their place the words "another party" were inserted. Appellant's counsel objected to the use of the confession because of the possibility that it would incriminate Dority. The confession was received into evidence, and the trial judge again admonished the jury:

Members of the Jury, you are admonished not to consider for any purpose the statement allegedly made by the defendant, Curtis Epperson, in any way as evidence against the co-defendant, Michael Carl Dority. Mr. Dority was not present when that statement was made, and you are not to consider it for any purpose as evidence against the defendant, Dority.

It is more than likely that the jury had little difficulty linking appellant with the other party mentioned in Epperson's confession. Epperson then became, in effect, a witness against appellant and one who, because he did not testify, was unavailable for cross-examina-

tion. Under these circumstances the question arises whether appellant's sixth amendment right to confront his accusers was infringed. *See* Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

This question, in the present case, we need not decide. The evidence introduced against appellant was overwhelming. His properly taken confession was read to the jury by an F.B.I. agent. Moreover, two eyewitnesses testified that appellant, using a false name, sold to them the stolen automobile and further that he gave them false information concerning the car. Finally, the prosecution introduced a bill of sale which appellant signed when he sold the stolen car. Considering the imposing body of evidence against appellant, we find the possible violation of the *Bruton* rule to have been "harmless beyond a reasonable doubt." Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); United States v. Clayton, 418 F.2d 1274 (6th Cir. 1969), cert. denied 399 U.S. 931, 90 S.Ct. 2262, 26 L.Ed.2d 800 (1970).

The judgment of conviction is therefore affirmed.

Lay, Circuit Judge, dissented and filed opinion.