UNITED STATES of America,
Plaintiff-Appellee,

v.

Freddie Eugene DANIELS,
Defendant-Appellant.

No. 75–1693.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 4, 1975.

Decided Feb. 3, 1976.

Richard F. Swope, Thompson, Swope, Burns & Biswas, Reynoldsburg, Ohio, for defendant-appellant.

William W. Milligan, U.S. Atty., Albert R. Ritcher, Thomas Thompson, Columbus, Ohio, for plaintiff-appellee.

Before PECK, McCREE and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

The defendant was charged in two separate counts of an indictment with

violating 18 U.S.C. § 2113(a) and (d). In count one he was charged with entering a federally insured bank with intent to take money "by force and violence and by intimidation." Count two charged Daniels with the actual taking of money from a teller in the bank "by force and violence and by intimidation," and with assaulting the bank teller during the commission of the robbery. A jury found Daniels guilty under count one of the indictment and not guilty under count two thereof. On appeal he argues ten separate assignments of error.

The first issue concerns the testimony of two F.B.I. agents in which they related statements made to them by Daniels about the bank robbery. Daniels made a pretrial motion to suppress these statements and the District Judge held a suppression hearing. At that hearing Daniels testified that while he was in custody in the Columbus City Prison on an unrelated state charge, two F.B.I. agents interrogated him concerning the bank robbery which had taken place some eight months earlier. He testified that he had a lawyer representing him on the state charge and that he repeatedly asked the F.B.I. agents to permit him to contact his lawyer before answering their questions. He stated that the F.B.I. agents threatened him, saying that they would be able to have a very high bail set for him that would keep him off the streets indefinitely. He also testified that he only told the agents what he knew about the robbery after they had assured him that it would just be between him and them.

Both F.B.I. agents testified that they advised Daniels of his rights immediately after contacting him, that a standard F.B.I. rights card was read to him and that he read it along with one of the agents and then signed a printed waiver of rights. The agent who took the statement testified that Daniels never advised him that he was represented by a lawyer or that he wanted a lawyer present. The waiver which defendant signed specifically stated that he did not desire the presence of an attorney and was identi-

cal to the one discussed in *United States v. Dority*, 487 F.2d 846 (6th Cir. 1973). Daniels admitted signing a waiver, but claimed that he had not read it and that the only reason he made a statement was to avoid the high bail which the F.B.I. agents threatened.

■ After hearing all of the testimony, the District Judge ruled that the statements which Daniels made to the two agents were voluntarily made and that the government had met its "heavy burden" of showing that statements given by a defendant in custody and without the assistance of an attorney were voluntarily made. *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At the trial the District Judge permitted the jury to hear evidence on the issue of voluntariness of the statements testified to by the F.B.I. agents and instructed the jury on this issue. We find no error in the denial by the district court of the motion to suppress the statements or in the manner in which the issue of voluntariness was submitted to the jury. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *United States v. Dority, supra*.

■ The second claim of error also relates to the admission of defendant's statements into evidence. Daniels charges that there was no corroboration of his inculpatory statements and that therefore they were not admissible as a confession at his trial. He relies on *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954), and *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Both of these cases dealt with the need for corroboration of admissions where the crime involves no tangible *corpus delicti*. The Court held that in a situation in which " . . . it cannot be shown that the crime has been committed without identifying the accused" a confession must be corroborated by evidence which implicates the one making the confession. *Smith v. United States, supra*, 348 U.S. at 154, 75 S.Ct. at 198. However, as the

Supreme Court pointed out in *Wong Sun v. United States*, 371 U.S. 471, 489–90 n. 15, 83 S.Ct. 407, 418, 9 L.Ed.2d 441 (1963), where the crime to which the accused confesses involves injury to persons or property which has been shown in fact to have occurred by other evidence, "[t]here need in such a case be no link, outside the confession, between the injury and the accused who admits having inflicted it." Bank robbery is a crime which involves a tangible *corpus delicti* and when one confesses to participation in a bank robbery there is no necessity that independent corroborative evidence do more than show that the crime took place.

■ In the present case there was independent evidence that the bank in question was robbed by at least two men at the time charged. Though no prosecution witness was able to identify the defendant positively as being one of those who took part in the robbery, his own statement supplied that information. The independent evidence that the bank robbery took place was sufficient to corroborate Daniels' admission that he entered the bank with intent to participate in the robbery therein. *See United States v. Fleming*, 504 F.2d 1045, 1049 (7th Cir. 1974).

Issues three, four and five raised by Daniels charge that the district court erred on various grounds by denying his motion for acquittal. The basic thrust of defendant's argument is that under *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), the separate acts proscribed by 18 U.S.C. § 2113(a), (b) and (d) constitute a single substantive offense and the jury's acquittal under (d) foreclosed a finding of guilty under (a). He argues that once the evidence showed that a completed armed robbery took place, any other acts charged under (a) and (b) in connection with that robbery were merged into the charge under (d), and that acquittal of that charge was tantamount to acquittal on all charges.

■ Unlike the present case, *Prince* did not involve a situation where a per-

son had been found guilty under one subsection of Section 2113 and not guilty under another subsection. In commenting on the structure of Section 2113 the Supreme Court said, "It was manifestly the purpose of Congress to establish lesser offenses." *Prince, supra*, 352 U.S. at 327, 77 S.Ct. at 406. There is no inconsistency in a jury's acquitting of a given charge and returning a verdict of guilty on a lesser included offense.

■ We are not at liberty to speculate on the reasons for the verdict of the jury. The district court properly charged the jury that there were four elements included in the offense charged in count one of the indictment and that five separate elements made up the offense charged in count two. The jury was further instructed that it must find each of these elements beyond a reasonable doubt in order to convict. In his statement to the F.B.I. agents defendant admitted joining three other men who intended to rob the bank and admitted that he went into the bank and tied up several persons who were either employees or customers. This was obviously sufficient evidence to support a conviction under 2113(a) for entering the bank with intent to commit a felony therein. However, the jury could have had reasonable doubt that the government had proven the defendant guilty of all the elements required for conviction under Section 2113(d). This is particularly true since that count charged him with assaulting one of the tellers in the bank and there was no identification of defendant as being the person who carried out the assault. Though we see no inconsistency in the verdict in the present case, consistency is not required in a jury verdict in a criminal case. In *United States v. Rowan*, 518 F.2d 685, 689 (6th Cir. 1975), we held that "[a] jury is free to render inconsistent verdicts or to employ relevant evidence in convicting on one count that it may seem to have rejected in acquitting on other counts." (citation omitted).

The defendant's basic assumptions in his arguments for a directed verdict of

acquittal are flawed. He seems to assume that the jury was bound to accept all of the government's evidence or none. Thus, he argues that the jury must have disbelieved all the evidence about the bank robbery since it found defendant not guilty of the robbery itself. Of course this is not necessarily so. There was at least one other participant in the robbery who was not being tried with the defendant and the jury's verdict that the defendant had not been proven guilty of all of the elements included in count two in no way indicates that they accepted none of the government proof. The fact that a robbery was carried out at the time and place charged in count two of the indictment by a group of men was not in any way affected by the fact that this particular man (the defendant) was found not to have been guilty of every element required to convict him of the robbery and assault.

 The defendant next argues that the verdict was against the manifest weight of the evidence. Viewing the evidence in the light most favorable to the government, as we must do following a conviction, it is clear that the evidence was sufficient to support the verdict of conviction. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Scales*, 464 F.2d 371 (6th Cir. 1972). Issue seven charges the district court with error in permitting the government attorney to ask leading questions of a government witness on redirect examination for the purpose of rehabilitating her testimony. In issue nine the defendant contends that the district court unduly restricted him in the cross-examination of government witnesses. The manner in which the evidence is to be presented is necessarily in the discretion of the trial judge. *United States v. Wade*, 364 F.2d 931, 936 (6th Cir. 1966). While the right to cross-examine in a criminal case may not be denied, the extent of such cross-examination is a matter for determination by the presiding judge. *United States v. Mills*, 366 F.2d 512 (6th Cir. 1966). We have examined the transcript of the trial

with particular attention to these two charges of error and find no prejudice to the defendant in the manner in which the district court conducted the trial.

 Issue eight charges the prosecuting attorney with an improper closing argument. When the assistant United States attorney made a statement which might be construed as asking the jury to convict on the basis of the attorney's personal opinion as to the credibility of the F.B.I. agents, counsel for the defendant objected and the court immediately sustained the objection. There was no motion for mistrial at this time and the argument continued without further reference to the prosecutor's personal opinion. As this court has often stated, it is improper for a prosecuting attorney in a criminal case to state his personal opinion concerning the credibility of witnesses or the guilt of a defendant. Nevertheless, in the present case, the objection to this argument was immediately sustained by the court and the argument was not renewed. Furthermore, the court carefully charged the jury on the role of arguments of counsel in a jury trial and instructed them not to treat such arguments as evidence. On the record before us we find no prejudicial error with regard to the single statement of the prosecuting attorney to which an objection was promptly sustained.

The final issue raised by the defendant relates to a change in the composition of the jury after the trial began. During the first day of the trial one of the jurors told an assistant United States marshal that after she had heard part of the government's evidence she remembered that her husband had once been the victim of an armed robbery. On voir dire she had not responded to a question by counsel for the defendant as to whether any juror or a close member of a juror's family had been the victim of a crime. The defendant and his counsel were both present in chambers and heard the marshal report this conversation to the Judge. The Judge denied a motion for mistrial, excused the juror in question

and substituted an alternate juror. The District Judge, in the presence of counsel for the government and the defendant, interrogated the juror in chambers. The juror stated that she had not communicated the fact which she had told the marshal to any other juror. After the juror was dismissed and the alternate substituted, the court advised the jury that something had come up which required the particular juror to be excused and that they were not to draw any inferences from this fact.

■ We find no error in the way in which the district court handled this matter. The cases which defendant has cited in support of his argument on this issue are not in point. They all deal with actual contamination of juries, whereas the hearing conducted by the Judge in this case indicated that one juror who had inadvertently failed to respond to a question on voir dire had not discussed the matter with any other member of the jury. The question of whether to grant a mistrial or to substitute an alternate juror under these circumstances was addressed to the sound discretion of the District Judge. We find no abuse in the exercise of that discretion.

The judgment of the district court is affirmed.