UNITED STATES of America,
Plaintiff-Appellee,

v.

Kermit FRAZIER, Jr.,
Defendant-Appellant.

No. 77–5242.

United States Court of Appeals,
Sixth Circuit.

Argued April 6, 1978.

Decided Aug. 1, 1978.

Fred L. Myers, Jr., Newport, Tenn., Lawrence J. Fleming, London, Greenberg & Fleming, St. Louis, Mo., for defendant-appellant.

John H. Cary, U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee.

Before EDWARDS and KEITH, Circuit Judges, and RUBIN,* District Judge.

EDWARDS, Circuit Judge.

After a lengthy trial, appellant Frazier was convicted on a federal indictment charging violation of 18 U.S.C. § 1341 (1976) —the mail fraud statute.[1] The government's proofs were such as to present evidence from which the jury could have found (as it did) that Frazier had participated in a scheme to procure the issuance of Tennessee drivers' licenses by the Nashville office of the Tennessee Department of Public Safety through the use of mailings of false applications and the sending of licenses through the mails to fictitious addresses. Two public employees (appellant was not one of these) were shown by the evidence to have been involved in the scheme which operated successfully for ten months in 1976.

Appellant presents eight appellate issues contesting the sufficiency of the evidence and various rulings and instructions by the trial judge. Our inspection of this record convinces us that this was, except for one episode, a generally fair trial in which government proofs were presented against appellant which, albeit not overwhelming, were sufficient to support the jury verdict.

The one exception, however, came at the very beginning of the trial. It involved the

* Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation.

1. Whoever, having devised or intending to devise any scheme or artifice to defraud . . ., for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or

takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than 5 years, or both.

18 U.S.C. § 1341 (1976).

authority of the trial judge. It could have prejudiced the jury's attitude toward the appellant from the beginning of the trial in a manner which we cannot on this record regard as "harmless." *See* Fed.R.Crim.P. 52(a).

During appellant's counsel's opening statement, the following colloquy took place:

MR. FLEMING: Ladies and Gentlemen of the Jury, I represent Mr. Rusty Frazier, the young man sitting there, the young man from Newport, Tennessee.

Likewise, Mr. Frazier has pleaded not guilty to the offense of mail fraud. It is his position that if there were any false statements made, any improper information furnished, he did not intentionally participate in furnishing any type of false information; did not intentionally cause anyone or any person to be misled or defrauded.

He has pleaded not guilty. We do not believe the government is going to show—

THE COURT: *Now, did he cause any of these licenses to be issued?*

MR. FLEMING: He pleads not guilty, your Honor.

THE COURT: *Well, I am asking you if he did, if he caused any of these to be issued.*

MR. FLEMING: It is his position that he did not intentionally do any act that was misleading.

THE COURT: Well, all right. *You haven't answered my question. You dodged my question,* but you may not know whether or not he issued any of these licenses.

MR. FLEMING: He certainly didn't issue any of the licenses, your Honor. He did not work in the license bureau.

THE COURT: Did he cause any of them to be issued?

MR. FLEMING: Your Honor, no, he says he did not.

THE COURT: All right, then that ends it, if that is what he says.

At the first break in the trial, when the jury was removed from the courtroom, appellant's counsel sought a mistrial and the following exchange between court and counsel took place:

MR. FLEMING: And one final point, your Honor. I feel that, with all due respect to the Court, I am going to have to move for a mistrial based on the Court's comment during my opening argument.

THE COURT: You can make your motion, but sit down. That's all. Your motion is overruled. Overruled, such stuff as that, I don't want much of that in this trial, you hear?

MR. FLEMING: I understand, your Honor, that is why I am doing it out of the presence of the jury.

It is impossible for us to see how the jury could have construed the judge's two questions and the following comment during counsel's opening statement (italicized above) as anything other than a demand by the court that counsel certify to his client's innocence. The questions went to the heart of the government's indictment against appellant. Counsel was placed in an impossible dilemma. Communications between a client and his counsel are, of course, privileged. Fed.R.Evid. 501. *See Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1975).

Basically the client is holder of the privilege. McCormick's Handbook of the Law of Evidence § 92 (2d ed. E. Cleary 1972). It is also true that the attorney has no right to waive the privilege and only the client can waive it. *Id.* Legal ethics prohibit a lawyer from revealing information which his client has given him in confidence:

DR 4–101 Preservation of Confidence and Secrets of a Client.

(A) "Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

(B) Except when permitted under DR 4–101(C), a lawyer shall not knowingly:

(1) Reveal a confidence or secret of his client.

(2) Use a confidence or secret of his client to the disadvantage of the client.

(3) Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.

(C) A lawyer may reveal:

(1) Confidences or secrets with the consent of the client or clients affected, but only after a full disclosure to them.

(2) Confidences or secrets when permitted under Disciplinary Rules or required by law or court order.

(3) The intention of his client to commit a crime and the information necessary to prevent the crime.

(4) Confidences or secrets necessary to establish or collect his fee or to defend himself or his employees or associates against an accusation of wrongful conduct.

(D) A lawyer shall exercise reasonable care to prevent his employees, associates, and others whose services are utilized by him from disclosing or using confidences or secrets of a client, except that a lawyer may reveal the information allowed by DR 4–101(C) through an employee.

ABA CODE OF PROFESSIONAL RESPONSIBILITY, DR 4–101.

Additionally, the trial judge has a duty to respect and enforce the attorney-client privilege:

5.8 Duty of judge to respect attorney-client relationship.

The trial judge should respect the obligation of counsel to refrain from speaking on privileged matters and should avoid putting him in a position where his adherence to the obligation, such as by a refusal to answer, may tend to prejudice his client. Unless the privilege is w̄aived, the trial judge should not request counsel to comment on evidence or other matters where his knowledge is likely to be gained from privileged communications.

ABA STANDARDS RELATING TO THE FUNCTION OF THE TRIAL JUDGE § 5.8 (Approved Draft 1972).

Over and above all of the foregoing, there is a rule against counsel asserting his personal beliefs:

(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:

\*       \*       \*       \*       \*       \*

(4) Assert his personal opinions as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.

ABA CODE OF PROFESSIONAL RESPONSIBILITY, DR 7–106(C)(4).

(b) It is unprofessional conduct for a lawyer to express his personal belief or opinion in his client's innocence or his personal belief or opinion in the truth or falsity of any testimony or evidence, or to attribute the crime to another person unless such an inference is warranted by the evidence.

ABA STANDARDS RELATING TO THE DEFENSE FUNCTION § 7.8(b) (Approved Draft 1971).

See United States v. Leon, 534 F.2d 667 (6th Cir. 1976); United States v. Daniels, 528 F.2d 705, 709 (6th Cir. 1975).

Additionally, the trial judge has a duty to enforce this ethical obligation:

The trial judge should not permit counsel during the closing argument to the jury to

(i) express his personal opinions as to the truth or falsity of any testimony or evidence or the guilt or innocence of the defendant, .   .   .

ABA STANDARDS RELATING TO THE FUNCTION OF THE TRIAL JUDGE § 5.10(i) (Approved Draft 1972).

We are well aware that the trial judge is one of the best and most conscientious in this nation. We are confident that he in-

tended no such impact from his words as we have described. We also recognize that there may have been circumstances known to the judge but not in this record which might help to explain the colloquy we have quoted. Nonetheless, we are controlled in appellate review by the record presented. The two underlined questions and the judicial comment, "you have dodged my question," when the matter was privileged and counsel was under an ethical duty not to answer it in the presence of the jury, constitute prejudicial error which we cannot deem harmless under the facts of this case.

The judgment of conviction is vacated and the case is remanded for a new trial.