940 F.2d 663
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony VAUGHN, Petitioner-Appellant,
v.
Luella BURKE, Respondent-Appellee.
 Nos. 91-1343, 91-1361.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Anthony Vaughn, a pro se Michigan prisoner, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Vaughn in November 1987 of one count of attempted armed robbery (he had been indicted for armed robbery), one count of assault with intent to rob being armed, and one count of possession of a firearm during the commission of a felony. He was sentenced to 2 1/2-5 years imprisonment for the attempted armed robbery conviction, 20-40 years for assault with intent to rob, and 2 years actual incarceration for the firearm count. The first two sentences were to run concurrently.
 
 
 3
 On June 27, 1989 the Michigan Court of Appeals affirmed Vaughn's assault and firearm convictions, but vacated his conviction and sentence for attempted armed robbery because his double jeopardy right to be free from multiple punishments was violated. The court further held that he was not improperly charged under Michigan law. The Michigan Supreme Court denied leave to appeal on May 30, 1990.
 
 
 4
 Vaughn presented one ground for relief in his habeas petition: his conviction was obtained by violation of his constitutional protection against double jeopardy. A magistrate recommended that Vaughn's petition be denied in a report filed January 28, 1991. The magistrate found that charging under alternative theories of prosecution is proper under state law and not inconsistent with federal constitutional constraints. He then found that the Michigan remedy for multiple punishments of vacating the conviction and sentence for the lesser included offense does not violate double jeopardy protections. Finally, the magistrate concluded that Vaughn's argument, presented in his supplemental brief, that he was impliedly acquitted of all assault elements in the continuing transaction by the jury's verdict on attempted armed robbery was actually an inconsistent verdict argument rather than a double jeopardy argument and that the issue was unexhausted. In a memorandum opinion and judgment filed February 21, 1991, the district court adopted the magistrate's report and recommendation and denied the petition over Vaughn's objections.
 
 
 5
 On appeal, Vaughn continues to argue that he was "overcharged" and that once the jury had returned a verdict for attempted armed robbery, the assault charge should have been dismissed. He requests the appointment of counsel in his brief.
 
 
 6
 Upon review, we affirm the district court's judgment because Vaughn has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). The violation of Vaughn's fifth amendment protection against double jeopardy was cured by the Michigan Court of Appeals and he is entitled to no further relief.
 
 
 7
 Vaughn's first argument is meritless because the double jeopardy clause does not prevent a state from charging an accused with greater and lesser included offenses and prosecuting those offenses in a single trial. Ohio v. Johnson, 467 U.S. 493, 500-01 (1984).
 
 
 8
 The magistrate's report, adopted by the district court, found that Vaughn's second argument on appeal was not exhausted in the state courts. However, it appears from an examination of Vaughn's briefs to the Michigan Court of Appeals and the Michigan Supreme Court that Vaughn did present his implied acquittal argument to both courts, thereby exhausting his state remedies and allowing federal habeas review.
 
 
 9
 Vaughn's implied acquittal argument is meritless because the inconsistent verdicts doctrine is applicable to his case and does not require reversal of his conviction. It is well established that consistency is not required in a jury verdict in a criminal case. United States v. Daniels, 528 F.2d 705, 708 (6th Cir.1976). See also United States v. Powell, 469 U.S. 57, 64-69 (1984); Dunn v. United States, 284 U.S. 390, 393 (1932); People v. Vaughn, 409 Mich. 463, 465-66 (1980) (per curiam). The leading cases which have required reversal due to an implied acquittal involved retrial on the greater charge after a conviction on a lesser included offense had been vacated on appeal. See, e.g., Price v. Georgia, 398 U.S. 323 (1970); Green v. United States, 355 U.S. 184 (1957). Thus, they are distinguishable from Vaughn's case, which involved a single, multicount prosecution.
 
 
 10
 Accordingly, the request for counsel is denied and the district court's judgment, filed February 21, 1991, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.