**Deshawn SHELBY, Petitioner–
Appellant,**

v.

**Pamela WITHROW, Respondent–
Appellee.**

**No. 00–1959.**

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2001.

Before BOGGS, DAUGHTREY, and
FARRIS,* Circuit Judges.

This is an appeal from a judgment deny-
ing a petition for a writ of habeas corpus
filed pursuant to 28 U.S.C. § 2254. This
case has been referred to a panel of the
court pursuant to Rule 34(j)(1), Rules of
the Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

In 1995, Deshawn Shelby received a
twenty to fifty year sentence, plus two
years, after being found guilty by a Michi-
gan state court jury of armed robbery,
assault with intent to rob, and felony fire-
arm. Shelby filed a petition for a writ of
habeas corpus in 1999 in which he chal-
lenged the constitutionality of this convic-
tion. The matter was referred to a magis-
trate judge who recommended that the
petition be denied. The district court
adopted this recommendation, over Shel-
by's objections and granted a certificate of
appealability as to one issue.

The sole issue on review is Shelby's
claim that his right to due process was
violated when the prosecuting attorney im-
properly vouched for the veracity of the
eyewitness to the assault. The district
court concluded that, in the totality of
circumstances, there was no constitutional
deprivation. This court reviews the dis-
trict court's legal conclusions de novo and
its factual findings for clear error in an
appeal from a judgment denying a petition
for habeas corpus relief filed pursuant to
28 U.S.C. § 2254. *Lucas v. O'Dea*, 179
F.3d 412, 416 (6th Cir.1999). An examina-
tion of the appeal at bar in light of the

---

* The Honorable Jerome Farris, United States
Circuit Judge for the Ninth Circuit, sitting by

designation.

foregoing standard of review shows that the district court's judgment must be affirmed.

In 1994, three elderly persons were assaulted and robbed at night by two men with guns. One of the perpetrators, James Foster, was promptly apprehended driving the car of one of the victims; the other perpetrator was not caught with Foster. Police arrested petitioner Shelby several months later and called the victims to make an identification. Only one of the victims, Ruby Smith, claimed to have seen the face of the other man and she did, in fact, identify Shelby as the other perpetrator at the lineup and at the preliminary examination. The other two victims, Thelma Watts and Percy Hall, stated at the preliminary examination that they could not identify the perpetrators. The matter proceeded to trial. Smith made an in-court identification of Shelby and thus presented the jury with its only debatable factual question. It is therefore not surprising that both attorneys spent the bulk of their closing statements trying to persuade the jury of the trustworthy or, alternatively, unreliable nature of Smith's identification.

The prosecutor made at least five references in his closing statements to Smith, her testimony and to the other victims, that are relevant to this appeal. The remarks, set forth exhaustively in the magistrate judge's report and recommendation adopted by the district court, will not be reprinted in this order. The remarks in question are, by and large, directed to the traits and testimony of Ms. Smith. One of the comments was an inaccurate characterization of the testimony of the other two victims, Thelma Watts and Percy Hall.

The Michigan state appellate court to which Shelby originally presented this claimed error concluded that nothing said by the prosecuting attorney rose to the level of reversible error.

Our review of the argument reflects that the prosecutor simply argued that the testimony of the witness should satisfy the jury beyond a reasonable doubt of defendant's complicity in the crime, based on the evidence. There was no impropriety in this regard, but even if there was error, it did not rise to the level requiring reversal. *People v. Bahoda,* 448 Mich. 261, 531 N.W.2d 659 (1995).

*People v. Shelby,* No. 190320 (Mich.Ct.App. Dec. 23, 1997).

The district court, through the adoption of the magistrate judge's report and recommendation, concluded that none of the highlighted comments acted to deprive Shelby of his right to due process. The court acknowledged the deference due the state court's findings of fact and conclusions of law, as set forth 28 U.S.C. § 2254(d) and *Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), while not explicitly synthesizing the facts of the present case with the Michigan appellate court findings noted above. The court agreed that the reference to what Mr. Hall and Ms. Watts might have testified to, while factually inaccurate and possibly confusing, was a minor factor in the whole trial and, incidentally, was not the subject of a contemporaneous objection. The court also found that the comments as a whole were nothing more than proper, vigorous arguments to the jury based solely on the testimony presented at trial. On appeal, Shelby takes issue with this conclusion in its entirety.

 The record and law support the district court's judgment on appeal. The gravamen of Shelby's petition is that the prosecutor acted in an unconstitutional manner in making certain comments in his closing argument. In general, " 'it is improper for a prosecuting attorney in a

criminal case to state his personal opinion concerning the credibility of witnesses or the guilt of a defendant.'" *United States v. Krebs,* 788 F.2d 1166, 1176 (6th Cir. 1986) (quoting *United States v. Daniels,* 528 F.2d 705, 709 (6th Cir.1976)). This case at bar, however, involves a state court prosecution. The federal courts lack supervisory power over state courts; this court's inquiry on habeas corpus review is therefore limited to determining only whether the improper comments constitute a due process violation. The standard of review looks to the fundamental fairness of the trial, not the culpability of the prosecutor. Seldom will the actions of a state court prosecutor rise to the extreme level required before a federal court must issue the writ requested. *Byrd v. Collins,* 209 F.3d 486, 529 (6th Cir.2000), *reh'g en banc denied,* 227 F.3d 756 (6th Cir.2000), *cert. denied,* 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001) (citations omitted). An application of this stringent review to the present case yields the same result as that reached by the district court. The prosecutor's comments, with the exception of the inaccurate reference to the testimony of Watts and Hall, are plainly appeals to the jury based on the totality of the evidence (Smith was "honest" in context of describing the crime scene and in not remembering exact words to officers, identification was "good" based on Smith's having had a clear opportunity to observe Shelby during course of assault).

This foregoing review of the state court proceedings is further limited by a state court's findings of fact. Federal courts, sitting in habeas corpus view, will defer to the state court's legal conclusions unless they are contrary to or unreasonably apply clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Deference will be accorded to the state court's factual conclusions unless they are based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). In the case at bar, there is no suggestion that the Michigan appellate court's view of the operative facts of this case must be dismissed as "unreasonable." That court plainly characterized the prosecutor's comments in issue as an appeal to the jury to find Shelby guilty of the crime charged based on the evidence presented. This characterization is inconsistent with the charge that Shelby was accorded a trial that was "fundamentally unfair." The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.