NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0005n.06

No. 23-3239

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>ATSCO HOLDINGS CORPORATION; HY-TECH MACHINE, INC.,<br><br>    Plaintiffs - Counter Defendants – Appellants,<br><br>v.<br><br>AIR TOOL SERVICE COMPANY, nka X5432, Inc.; RICK J. SABATH,<br><br>    Defendants - Counter Claimants – Appellees.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO<br><br>OPINION</td></tr>
</table>

**FILED**

Jan 04, 2024

KELLY L. STEPHENS, Clerk

Before: SUTTON, Chief Judge; KETHLEDGE and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** The single issue in this appeal is whether the district court erred by refusing to consider some of the evidence introduced by plaintiff ATSCO Holdings Corporation (ATSCO) in a trial held at the beginning of the COVID-19 pandemic. For the reasons stated below, we AFFIRM the decision of the district court.

## I.   BACKGROUND

This case returns from our remand issued on December 31, 2019, reversing the district court's award of summary judgment to Air Tool Service Company (Air Tool) and remanding the matter for trial on the merits. *ATSCO Holding Corp. v. Air Tool Serv. Co.*, 799 F. App'x 310, 313 (6th Cir. 2019). On remand, the remaining claims before the district court—a breach of contract claim for failure to provide a working capital adjustment, and a breach of contract claim for failure of an Okuma MacTurn machine to comply with warranties and the representations made in the

asset purchase agreement—were heard at a bench trial. Both claims required proof of damages to establish a breach of contract under Ohio law.

Soon after the trial court reopened the case, the COVID-19 pandemic hit. Given the subsequent limitations on in-person trials, the parties and district court determined a method for introducing evidence, which the court entered as a Stipulated and Agreed Order (hereinafter, "Stipulated Order") on October 13, 2020. The procedure specified by the court for trial testimony was, in pertinent part, as follows:

> 4. Each party shall be responsible to provide those exhibits that party wishes to utilize to the court reporter, marked as appropriate, in advance of the scheduled testimony.
>
> 5. Objections during trial testimony will be brief, not speaking objections. In the event a questioning party is unclear as to the basis of any objection, inquiry may be made as to the basis for the objection, and a short response provided, so as to allow a questioning party to seek to cure any defect in the question, as the questioning party deems appropriate.
>
> 6. At the conclusion of the recording of Plaintiffs' scheduled witnesses, Plaintiffs *shall cause the video recordings and the transcripts to be filed with this Court for review*, and to be made the record of the testimony in this case.
>
> 7. *Thereafter, the parties will confer as to the exhibits identified in the Plaintiffs' Trial Brief to ascertain which will be admitted without objection, and which will require a hearing with Court as to admissibility.*
>
> 8. *Following admission of Plaintiffs' exhibits, whether by stipulation, or ruling*, Plaintiff will be deemed to have rested its case in chief.
>
> 9. The parties hereby stipulate to the authenticity of the exhibits listed by both parties in their respective Trial Briefs, obviating the need of testimony from the custodian of records, but *preserving all other objections*.

R.121, Stipulated Order, at 1242-43 (emphases added). With these directions, the parties proceeded to take testimony through "Zoom, Skype or a similar system." *Id.* at 1242.

While taking remote testimonies, the parties verbally moved to admit exhibits. In the deposition of Jim Aloi, a former employee of Plaintiff Hy-Tech Machine, Inc., Air Tool and ATSCO "STIPULATED AND AGREED [that] all objections, except as to the form of the question, shall be reserved to the time of trial." R.127, Aloi Transcript, at 1299. For each of the four exhibits at issue in this appeal, Air Tool verbally reserved its objections on the record for ATSCO's eventual motion to admit. ATSCO later mailed the transcripts from these depositions, along with other materials, on thumb drives to the trial court and to opposing counsel.[1] ATSCO did not itself file any depositions or exhibits with the trial court; Air Tool filed three of ATSCO's deposition testimonies and corresponding exhibits.

The parties attended an in-person hearing on August 22, 2022. At this hearing, the court considered arguments and testimony for "the two remaining issues . . . the working capital adjustment and the alleged problems surrounding the MacTurn CNC machine." R.141, Hearing Transcript, at 5161. At the close of the hearing, Air Tool moved to admit ATSCO's exhibits 16, 17, 18, 19, 21, and 22 into evidence. ATSCO had "[n]o objections." *Id.* at 5313. The district court ruled that the exhibits moved by Air Tool were admitted. ATSCO was asked if it had "anything further," and it responded, "No. Thank you, Your Honor." *Id.* at 5314. ATSCO did not move to admit its exhibits, and never obtained a ruling as to its exhibits that had not been admitted on Air Tool's motion.

In its Final Opinion, the district court granted "judgment for [Air Tool] on [ATSCO's] remaining claims." R.144, Final Order, at 5376. The court found that ATSCO failed to establish damages under either of its breach of contract claims, and so failed to prove that Air Tool breached

---

[1] This is not reflected in the ECF docket.

its agreement under Ohio law. The court held that ATSCO failed to obtain a ruling on the admissibility of four exhibits, explaining its decision to exclude those exhibits as follows:

> First, moving to admit exhibits into evidence is "Trial Procedure 101" and has been a bedrock requirement for any proponent seeking to first have the Court review for conformance with the Rules of Evidence and, if passing muster, have the trier of fact give whatever credence the evidence deserves.
>
> Second, the parties' own "Stipulation and Agreed Order" and the Court's Trial Order hammer this requirement home and bar any argument to the contrary.
>
> Third, the Court was never given the opportunity to rule on the admissibility of Plaintiffs' exhibits to determine issues such as relevance, reliability and speculative damages.
>
> Defendants objected to Plaintiffs' exhibits during trial deposition, yet Plaintiffs failed to bring the same before the Court for a ruling as required and explained above.
>
> Defendants have no burden nor obligation to do Plaintiffs' job of placing the exhibits before the Court for a ruling. Defendants did move into evidence at trial some of Plaintiffs' exhibits, following the agreed upon procedure and the Court's Trial Order, which the Court has properly considered.
>
> Turning to whether Defendants would be prejudiced by allowing Plaintiffs' exhibits into evidence, there is a substantial monetary amount Defendants would pay if the Court considered the barred exhibits credible.
>
> Defendants should not be financially punished for Plaintiffs' breach of their own agreement, failure to adhere to the Court's Trial Order and failure to adhere to one of the most basic principles of trial; presenting objected-to evidence to the Court for an admissibility ruling, prior to any consideration by the Court as trier of fact in this case.

R.144 at 5373-74, n.4. The excluded exhibits were PX 14, PX 15, PX 27, and PX 32. The effects of the district court's exclusion differed for each piece of evidence and corresponding claim, but no exhibit was excluded solely because ATSCO failed to move it into evidence.

The trial court did not consider these exhibits, nor did it consider the evidence mailed to the court on the two thumb drives. The thumb drive evidence and exhibits are outlined below.[2]

---

[2] In its brief to this court, ATSCO does not raise arguments based on specific exhibits. We rely on the court's Final Order in addressing this evidence.

### A. The Evidence at Issue

For evidence to be considered by the court, the Stipulated Order required it to be 1) filed with the court, then 2) admitted as evidence (either by stipulation or by a court ruling on a motion to admit). The trial court found that ATSCO violated the Stipulated Order in several ways: first, it did not properly file evidence, including the thumb drive evidence; second, it failed to obtain a stipulation or a ruling on evidence that—although filed by Air Tool—was never ultimately admitted. This is reflected in the court's electronic filing system, in which the only deposition transcripts and exhibits available for review were those filed by Air Tool, including "the deposition testimony of Joseph Molino, James Aloi and Patrick Curry," and corresponding exhibits (e.g., PX 14, PX 15, PX 27, and PX 32).

We first address the unfiled thumb drive evidence, before turning to excluded exhibits PX 14, PX 15, PX 27, and PX 32, which were filed by Air Tool with corresponding deposition transcripts, but which were never admitted into evidence by a ruling or stipulation.

### 1. Unfiled Thumb Drive Evidence

ATSCO does not make the thumb drive evidence part of its record on appeal, and that evidence is not specified in the trial record. Our discussion of this evidence is therefore limited to the trial court's statements and ATSCO's references to the evidence in its trial brief.

As the district court notes in its Final Opinion, ATSCO failed to properly file some of its materials with the court by not e-filing them, instead sending them via thumb drive to the court and opposing counsel. On May 8, 2020, the trial court had stated in an initial scheduling order that "[t]here is no need to file the exhibits with the Clerk of Courts." R.112, Scheduling Order, at 1170. However, in its October 13, 2020 Stipulated Order, the court memorialized the agreement of the parties that "[a]t the conclusion of the recording of Plaintiffs' scheduled witnesses, Plaintiff

shall cause the video recordings and the transcripts to be filed with this Court for review, and to be made the record of the testimony in this case." R.121 at 1243.

Regarding this thumb drive evidence, the district court noted ATSCO's claim that "they are entitled to $100,928 for the purchase price adjustment," and that "Plaintiffs' Trial Brief asserts that witnesses Joe Molino, Patrick [Curry], James Aloi and Robert Ober would testify on this issue and that Exhibits PX 1-5, PX 13, and PX 22-25 support their claim." R. 144 at 5357. Although the depositions of Molino, Curry, and Aloi were filed with the court by Air Tool, Ober's testimony was not; neither were most of the exhibits named in ATSCO's trial brief. R.166, Trial Brief, at 1200. According to the trial brief, these exhibits supported ATSCO's working capital adjustment. None of the three filed deposition transcripts—Aloi, Curry, and Molino—however, contained any reference to the unfiled thumb drive evidence described by the district court.

The court's Final Opinion concluded that ATSCO's "failure to comply with their own stipulation means anything not filed with the Court is not part of the record." R.144 at 5358. After receiving the Final Opinion, ATSCO did not file a motion with the trial court to correct the record; nor did it file the thumb drive evidence with this court on appeal.

2.      The Four Excluded Exhibits

a.      *MacTurn Claim Exhibit:  PX 14*

PX 14 is "a spreadsheet with supporting invoices showing the repairs needed and expended on the MacTurn." R.144 at 5365. In Aloi's deposition, ATSCO verbally moved to admit PX 14 regarding damages on its MacTurn claim. Air Tool filed PX 14 with that deposition. However, neither party either stipulated or moved to admit PX 14 before the court, and the court never ruled on its admission. Specifically, the court found,

> Plaintiffs' damages calculations and invoices on the MacTurn were never admitted into evidence. Moreover, the evidence presented does not provide a method absent those excluded exhibits for the Court to derive a damages figure.
>
> . . .
>
> Even if it were considered by the Court, Plaintiffs' Exhibit 14 lists $29,599.69 in MacTurn related expenses that are not compensable as they relate solely to the costs incurred for moving the MacTurn machine to Pennsylvania and storing the same and are unrelated to repairs incurred.

R.144 at 5366, 5372. So, the trial court did not rely on PX 14 for two reasons: because its information was irrelevant, as it contained unrelated costs; and because ATSCO failed to finalize its admission into evidence. The court also held that ATSCO's MacTurn claim failed because although ATSCO provided evidence of the MacTurn's maintenance, it "failed to prove by a preponderance of the evidence that the MacTurn machine was not reasonably maintained," a subject to which PX 14 was not relevant. R.144 at 5376.

### b. Okuma LT200 Replacement Sub-Issue Exhibit: PX 15

PX 15 is comprised of a series of invoices related to ATSCO's allegation that "a second Okuma, an LT200 machine, was part of the APA sale but Defendants sold the machine prior to closing." R.144 at 5366. ATSCO sought damages for this loss under its MacTurn claim, and according to PX 15, the second machine replacement cost $370,757.65. But ATSCO's expert, who reviewed PX 15, testified to a different amount: $330,000.

When ATSCO verbally moved to admit exhibit PX 15 during the deposition, it told Air Tool's counsel, "I won't make you say that you reserve your objection. I assume that's the case." R.127 at 1307. Air Tool's counsel responded, "I do." *Id.* Regardless, the issue surrounding PX 15 was moot because, as the trial court found (and other evidence demonstrated), "both sides acknowledge[d] [the Okuma LT200] was not to be part of the sale." R.144 at 5367. The district

court therefore determined that ATSCO could not have succeeded in obtaining these additional damages even if PX 15 was properly in the record evidence.

### c. *Working Capital Claim Exhibits: PX 27 and PX 32*

ATSCO sought to admit PX 27 and PX 32[3] as exhibits to prove damages under its working capital adjustment claim. PX 27 showed ATSCO's roll back inventory, which related to the working capital adjustment claim damages. When introducing this exhibit, ATSCO stated, "I know [Air Tool] reserves [its] objections." R.129 at 1736. PX 32 was a balance sheet that stated it came "to a calculation with respect to a working capital adjustment." *Id.* Air Tool also reserved its objections to PX 32 for ATSCO's eventual motion to admit.

Because ATSCO "failed to move into evidence PX-32 and PX-27, which provide the only evidence of a damages calculation," the district court "[found for Air Tool] on [ATSCO's] working capital adjustment claim." R.144 at 5364. The court further found that ATSCO's evidence, even if considered, "presented a moving target as to the inventory rollback ultimately abandoning any claims related to the inventory acknowledgment letter." The court stated that aside from ATSCO's failure to comply with the agreed rules for evidence admission, this evidence supporting "inventory roll back was not reliable, did not account for inventory removed by Plaintiffs, work in process, work being performed by third party vendors and was not performed in accordance with the past practices of Defendants." *Id.* at 5375. With respect to PX 32 specifically, the district court stated that the exhibit "contains an inventory adjustment which the Court finds was so fundamentally flawed that it cannot be relied upon." *Id.* at 5361. Finally, it found that the evidence offered "on the working capital adjustment bears no relation to the inventory issues raised in

---

[3] As a technical point, ATSCO never actually moved to admit PX 32, even in its depositions (unlike the three other exhibits at issue). We assume the motion, however, because upon introducing the document, Air Tool stated that it reserved its objections.

Plaintiffs' Amended Complaint." *Id.* at 5364. Accordingly, the court held that given the flaws in PX 27 and PX 32 (even aside from ATSCO's failure to seek admission properly), ATSCO introduced no reliable evidence demonstrating working capital damages.

## II.   ANALYSIS

The issue before this court is whether the district court erred when it decided not to consider thumb drive evidence and exhibits read into the record but not moved for admittance and ruled on by the district court. "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party[.]" Fed. R. Evid. 103(a). Federal Rule of Evidence 611(a) states, "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining the truth[.]" This rule provides broad discretion to the trial court for evidentiary procedures. *See Cummins v. BIC USA, Inc.*, 727 F.3d 506, 510 (6th Cir. 2013). "The manner in which the evidence is to be presented is necessarily in the discretion of the trial judge." *United States v. Daniels*, 528 F.2d 705, 709 (6th Cir. 1976) (citing *United States v. Wade*, 364 F.2d 931, 936 (6th Cir. 1966)); *see also United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979) ("A trial judge must have considerable discretion in controlling the mode and order of proof at trial[.]").

In addition to the history showing that the rules of evidence and common law provide a district court with evidentiary discretion, "this Court has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, (1962)). Those inherent and "implied powers must necessarily result to our Courts of justice from the nature of their institution," such as "[e]nforc[ing] the observance" of their

orders. *United States v. Hudson & Goodwin,* 11 U.S. 32, 32-34 (1812). We turn to ATSCO's evidentiary challenges.

### A.    Thumb Drive Evidence

Federal Rule of Civil Procedure 5(d)(3)(A) requires all filings by a represented party to be made electronically unless excepted by a court's finding of good cause or local rule. The Federal Rules "govern the procedure in all civil actions and proceedings in the United States district courts . . . . They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Under Federal Rule of Appellate Procedure (FRAP) 10(e)(2),

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
> **(A)** on stipulation of the parties;
> **(B)** by the district court before or after the record has been forwarded; or
> **(C)** by the court of appeals.

The district court's Stipulated Order—entered prior to the parties' discovery—required that exhibits and deposition transcripts be filed with the court. So, that Order superseded any prior orders, and the parties were required to file evidence with the Court electronically under the Federal Rules.

Both its inherent powers and the Federal Rules entitled the district court to "[e]nforce the observance of [its order]" requiring that all parties file evidence with the court. *See Hudson & Goodwin*, 11 U.S. at 32. By failing to electronically file, as required by the Rules and noted by the court's Stipulated Order, ATSCO violated the district court's trial requirements and the Rules. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 735-36, 740 (6th Cir. 2008) (holding that where a party failed to electronically file motions to the district court "in violation of prior

court orders," the court did not abuse its discretion in dismissing the complaint without prejudice, *id.* at 735). Because ATSCO did not properly place the thumb drive evidence in the record and failed to certify it to this court under FRAP 10(e)(2), moreover, we are unable to properly review the district court's decision not to consider it. Under these circumstances, the district court did not abuse its discretion by refusing to consider the thumb drive evidence not made part of the trial record.

### B.    The Four Excluded Exhibits

As a result of the COVID-19 pandemic, district courts have relied on their inherent powers and broad discretion for administering trials to conduct the business of the courts safely and efficiently. Trials held under emergency protocols, such as the one in this case, are now trickling up to courts of appeal. For example, in *Outlaw v. Plantation Pipe Line Co.*, No. 21-11787, 2022 WL 2904084 (11th Cir. July 22, 2022), the Eleventh Circuit considered whether parties who failed to abide by their agreed-upon and ordered discovery plan, made in light of the emergent pandemic, were nevertheless entitled to reopen discovery after failing to produce any evidence by the ordered deadline, citing the pandemic as good cause for permitting further discovery. *Id.* at *2-4. The district court held that they were not so entitled. *Id.* On appeal, the Eleventh Circuit held that the trial court did not abuse its discretion "by denying what amounted to a discovery extension request three months after the close of discovery." *Id.* at *5.

While not binding on this court, *Outlaw* provides a helpful comparison for the case at bar. Just as in *Outlaw*, ATSCO failed to adhere to an agreed-upon discovery plan for developing the trial record that the parties had stipulated to and that was ordered by the district court. Here, the plan included explicit procedures requiring the parties to either stipulate to or obtain a ruling on the admissibility of evidence. ATSCO failed to abide by the language of the Stipulated Order

requiring exhibits to be admitted without objection or following a hearing and court ruling after the witness depositions. Under the governing stipulation, any "moving" for admission done during the depositions is insufficient on its own for the purposes of trial. As in *Outlaw*, ATSCO's failure to abide by the discovery order is not excused by the pandemic, especially because both plans were constructed in light of the pandemic.

The district court's use of discretion here was arguably even more justified than in *Outlaw*. In addition to the stipulated order, ATSCO and Air Tool also stipulated as a condition of at least one deposition that "all objections, except as to the form of the question, shall be reserved to the time of trial." R.127 at 1299. Air Tool reserved its objections for ATSCO's future trial motions to admit each of the four exhibits at issue here, relying on the Stipulated Order and ATSCO's statements in depositions that Air Tool would have an opportunity to argue its objections to the trial court when ATSCO moved for admission of the exhibits. ATSCO's request that the court ignore its stipulated evidentiary procedures on the four exhibits would have prejudiced Air Tool by depriving it of the agreed opportunity to fully object to exhibits (whose reliability and relevance the trial court independently called into question). In addition, ATSCO was present when Air Tool moved for some, but not all, of ATSCO's exhibits to be admitted as evidence. The hearing provided ATSCO the opportunity to move to admit its remaining exhibits. ATSCO failed to do so.

Despite ATSCO's argument, the district court's Final Opinion was not based on mere technicalities. The court provided specific justifications for each exclusion and related claim beyond ATSCO's failure to properly admit the evidence on the record. The district court explained how ATSCO's claims would fail even if ATSCO had properly moved to admit the evidence. The

district court's thorough justifications show that it did not abuse its "considerable discretion" when it refused to consider PX 14, PX 15, PX 27, and PX 32.  *Vinson*, 606 F.2d at 152.

ATSCO was not prejudiced by the court's use of its "inherent powers . . . to manage [its] own affairs so as to achieve the orderly and expeditious disposition of [the case]" by "[e]nforc[ing] the observance of" its Stipulated Order; nor did the district court abuse its discretion by not considering the evidence described herein. *Dietz*, 579 U.S. at 45 (quotations omitted); *Hudson & Goodwin*, 11 U.S. at 34

## III.   CONCLUSION

"We are reluctant to base our decision on a defective record and, before arriving at this conclusion, have carefully studied it in order to avoid an injustice, but viewing the factual matters presented to us," the district court properly exercised its discretion below.  *Drybrough v. Ware*, 111 F.2d 548, 551 (6th Cir. 1940).  In summary, ATSCO's substantial rights were not harmed by the district court's exercise of discretion over how evidence is admitted, nor by its decision to enforce the parties' stipulation that it had approved and entered as a Stipulated Order.  *See* Fed. R. Evid. 103(a); *c.f. Daniels*, 528 F.2d at 709.  Accordingly, we AFFIRM.