OPINION
{¶ 1} On October 25, 2004, the Coshocton County Grand Jury indicted appellee, William Cunningham, on eight counts of rape in violation of R.C. 2907.02. Said charges arose from incidents involving appellee's thirteen year old daughter.
 {¶ 2} On January 10, 2005, appellee pled guilty to four counts of rape, and the remaining four counts were dismissed. By judgment entry filed March 15, 2005, the trial court sentenced appellee to an aggregate term of three years in prison.
 {¶ 3} On September 26, 2005, appellee filed a motion for judicial release. A hearing was held on November 21, 2005. By judgment entries filed November 23 and 29, 2005, the trial court granted the motion.
 {¶ 4} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ILLEGALLY GRANTED JUDICIAL RELEASE TO APPELLANT WHO WAS SERVING A MANDATORY PRISON TERM."
 I {¶ 6} Appellant claims the trial court's decision to grant appellee judicial release was contrary to law. We agree.
 {¶ 7} The appeal is brought by the state pursuant to R.C.2953.08(B)(2) which states as follows:
 {¶ 8} "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
 {¶ 9} "(2) The sentence is contrary to law."
 {¶ 10} Appellant argues because appellee was convicted and sentenced to four counts of rape in violation of R.C.2907.02(A)(2), he was not eligible for judicial release. Pursuant to R.C. 2929.13(F)(2), a rape conviction requires a mandatory prison term:
 {¶ 11} "(F) Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, or section 2971.03
of the Revised Code and except as specifically provided in section 2929.20 or 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the terms pursuant to section 2929.20, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:
 {¶ 12} "(2) Any rape, regardless of whether force was involved and regardless of the age of the victim, or an attempt to commit rape if, had the offender completed the rape that was attempted, the offender would have been subject to a sentence of life imprisonment or life imprisonment without parole for the rape."
 {¶ 13} R.C. 2929.20 governs judicial release and states the following in pertinent part:
 {¶ 14} "(A) As used in this section, `eligible offender' means any person serving a stated prison term of ten years or less when either of the following applies:
 {¶ 15} "(1) The stated prison term does not include a mandatory prison term.
 {¶ 16} "(2) The stated prison term includes a mandatory prison term, and the person has served the mandatory prison term.
 {¶ 17} "(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender."
 {¶ 18} Appellant argues appellee is not an "eligible offender" under R.C. 2929.20(A) because he is serving a mandatory prison term.
 {¶ 19} Given the language of R.C. 2929.13(F)(2), we find the Ohio General Assembly specifically excluded the offense of rape from consideration for judicial release.
 {¶ 20} Upon review, we find the trial court erred in granting appellee judicial release and order execution of the sentence of imprisonment as originally given.
 {¶ 21} The sole assignment of error is granted.
 {¶ 22} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby reversed.
Farmer, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is reversed.