[Cite as *State v. Nian*, 2016-Ohio-5146.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15CAA070052 |
| | : | |
| ABULAY NIAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Delaware County Court
of Common Pleas, Case No. 14 CR I 11
0522


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     July 25, 2016


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                  DAVID E. STENSON
DELAWARE CO. PROSECUTOR                 Suite 316
MARK C. SLEEPER                         131 North Ludlow Street
140 North Sandusky St.                  Dayton, OH 45402
Delaware, OH 43015

*Delaney, J.*

{¶1}   Appellant Abulay Nian appeals from the June 16, 2015 Judgment Entry of Prison Sentence of the Delaware County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   At the time of these events, victim Jane Doe was 17 years old and lived with her Mother and two brothers in Delaware County, Ohio.  To avoid disclosure of the identity of the sexual-assault victim and minor witnesses, the brothers will be referred to as John Doe and Richard Roe.  John Doe is mentally disabled and requires the assistance of an "independent co-worker," a home health aide who helps him with independent living skills. Richard Roe was age 15.

{¶3}   On November 15, 2014, Mother, the three children, and appellant were in the home.  Appellant had worked with the family for approximately two weeks as John Doe's home health aide.  He was employed through an agency Mother found with the assistance of the Delaware County Disabilities Board.  Appellant spent several hours with John Doe five days a week, helping him with chores and tasks of independent living such as laundry and cooking.  During those two weeks, appellant and John Doe would often "hang out" in John Doe's bedroom, listening to music.  Jane Doe and Richard Roe would join them in listening to music or in going to a park to play basketball.

{¶4}   On this date, appellant came downstairs and exited the house to retrieve his time sheet from his car.  Mother and Richard Roe were in the downstairs living room. Mother signed off on the time sheet.  Appellant went back upstairs and Mother assumed he was saying goodbye to John Doe.

{¶5} Jane Doe was in her bedroom watching Netflix when appellant knocked on her door. He came into her bedroom and asked for a hug. Jane agreed and stood to hug appellant. He tried to kiss her and put his hand on her "private area." Jane was wearing leggings and a sports bra. She testified appellant first put his hand on her vagina on top of the leggings. Appellant started kissing her neck and she asked him to stop. She said he stuck his hand inside the leggings and touched her vagina. She asked him to leave. Appellant then pulled the leggings down to her knees and placed his mouth on her vagina. Jane Doe described appellant gripping her thighs and said his mouth made contact with her genitals. Jane Doe pushed appellant's head away and appellant left the room.

{¶6} Mother observed appellant leave the house. Richard Roe went upstairs and discovered his sister "curled up in a ball" crying in her bedroom. She was FaceTiming with a friend and testified she told the friend and her brother what happened and asked what she should do. Richard Roe said Mother had to be told. He and Jane Doe told Mother what happened and she called the Delaware County Sheriff's Department immediately. Mother also called the agency which employed appellant and left a message instructing the agency not to permit appellant to return to their home.

{¶7} A deputy came to the house, took a report, collected the clothes Jane Doe had been wearing, and instructed her to go to Nationwide Children's Hospital for a sexual assault examination. A rape kit was collected at the hospital and submitted to B.C.I for forensic analysis.

{¶8} A forensic biologist found amylase, a component of saliva, on the interior crotch of Jane Doe's leggings. A cutting from the area yielded a mixture of D.N.A.; Jane Doe was the major contributor and the comparison with appellant's D.N.A. was

inconclusive.  A swabbing of the area, however, also yielded a mixture of D.N.A., with Jane Doe as the major contributor and appellant included as the minor contributor.

{¶9}   Appellant was charged by indictment with two counts of forcible rape pursuant to R.C. 2907.02(A)(2), both felonies of the first degree.  Appellant entered pleas of not guilty and the case proceeded to trial by jury.  Upon the close of appellee's evidence, appellant moved for acquittal upon Count I, forcible rape by digital penetration, pursuant to Crim.R. 29(A). The trial court sustained the motion as to Count I, but overruled the motion as to Count II, forcible rape by cunnilingus.

{¶10} Appellant was found guilty upon Count II.

{¶11} On May 13, 2015, appellant filed a motion for new trial based upon jury misconduct.  The motion was accompanied by an affidavit of a juror stating that during deliberations, another juror "introduced into the discussions facts about [appellant] being from Sierra Leone and having a prior record," facts allegedly obtained from newspaper accounts of the trial.  Appellee responded with a motion in opposition.

{¶12} The trial court overruled the motion for new trial on June 3, 2015 and the matter proceeded to sentencing on June 15, 2015.  The trial court imposed a prison term of 5 years and determined appellant to be a Tier III sex offender.

{¶13} Appellant now appeals from the trial court's June 16, 2015 judgment entry of conviction and sentence.

{¶14} Appellant raises nine assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I.  APPELLANT'S CONVICTION IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AS A MATTER OF LAW."

{¶16} "II.  APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶17} "III.  PROSECUTORIAL MISCONDUCT DENIED APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW, IN VIOLATION OF HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶18} "IV.  APPELLANT WAS DENIED DUE PROCESS OF LAW THROUGH THE TRIAL COURT'S ERRONEOUS BELIEF THAT SENTENCING WAS MANDATORY."

{¶19} "V.  APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AND IMPARTIAL PANEL OF JURORS AS GUARANTEED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AS THE RESULT OF JURORS' IMPROPER CONSIDERATION OF EXTRANEOUS INFORMATION AND THE TRIAL COURT'S REFUSAL TO GRANT APPELLANT A NEW TRIAL."

{¶20} "VI.  TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶21} "VII.  THE COURT ERRED IN INSTRUCTING JURORS TO STRIKE INFORMATION THEY HAD HEARD FROM DEFENSE COUNSEL."

{¶22} "VIII.   THE COURT ERRED IN INSTRUCTING JURORS WITH A CONCLUSORY STATEMENT THAT APPELLANT COMMITTED THE CRIME WITH WHICH HE WAS ACCUSED."

{¶23} "IX.   THE CUMULATIVE EFFECT OF THE FOREGOING ERRORS DENIED APPELLANT A FAIR TRIAL."

**ANALYSIS**

I., II.

{¶24} Appellant's first and second assignments of error are related and will be considered together.   Appellant argues his conviction upon one count of rape is against the manifest weight and sufficiency of the evidence.   We disagree.

{¶25} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.   *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus.   The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.   The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶26} Appellee argues appellant failed to preserve the issue of the sufficiency of the evidence because he did not make a motion for acquittal pursuant to Crim.R. 29(A)

as to Count II, only to Count I.  T. 275.  As the trial court noted, Count I was premised upon the act of digital penetration and Count II upon the act of cunnilingus.  In granting appellant's motion for acquittal as to Count I, the trial court found insufficient evidence of penetration.  (T. II, 178).  In *State v. Brown,* 5th Dist. Licking No.2006–CA–53, 2007–Ohio–2005 at ¶ 36, we noted failure to timely file a Crim.R. 29(A) motion during a jury trial does not waive an argument on appeal concerning the sufficiency of the evidence. Thus, for purposes of this review, we do not consider appellant to have waived his right to argue sufficiency of the evidence on appeal.  *State v. Lee,* 5th Dist. Richland No. 15-CA-52, 2016-Ohio-1045, ¶ 30.

{¶27} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction."  Id*.*

{¶28} Appellant was found guilty of one count of rape pursuant to R.C. 2907.02(A)(2), which states, "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."  R.C. 2907.01(A) defines "sexual conduct" in pertinent part as * * * cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however

slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." The trial court defined cunnilingus as "a sexual act committed with the mouth and the female [sex] organ."[1] As acknowledged by appellant in his brief, Jane Doe testified appellant's mouth made contact with her vagina. T. 155.

{¶29} Nonetheless, appellant argues the evidence of the act of cunnilingus as described by the victim at trial is insufficient to sustain his rape conviction because the conduct described does not rise to the level of "sexual conduct" pursuant to R.C. 2907.01(A); the testimony did not indicate whether the contact was "intentional" and there is no indication the act was committed for stimulation or sexual pleasure. We note the statutory definitions of "rape" and "sexual conduct" require no such elements, nor did the jury instruction upon the meaning of "cunnilingus," to which appellant did not object. We find the act described by the victim sufficiently describes an act of forcible cunnilingus. See, *State v. Dippel*, 10th Dist. Franklin No. 03AP-448, 2004-Ohio-4649.

{¶30} Appellant argues his rape conviction is against the manifest weight of the evidence because there is no evidence he intended to place his mouth on the victim's vagina and there is no evidence the act was committed for sexual pleasure. We note, however, the victim testified the act was committed after appellant had forcibly kissed her, pulled down her leggings, and held her in place with his hands "gripping" her thighs. It is well-established that the weight of the evidence and the credibility of the witnesses are

---

[1] The word "sex" was initially omitted from the jury instructions. The trial court advised the parties the instruction given to the jurors would be corrected to define cunnilingus as "a sexual act committed with the mouth and the female [sex] organ."

determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216.

{¶31} Appellant further argues the physical evidence does not support his conviction, but as appellee points out, amylase, an enzyme found in the highest concentrations of saliva, was found on the inner crotch area of the leggings. A swab from the same surface contained appellant's D.N.A. While the forensic expert could not testify the amylase specifically came from appellant because amylase does not contain D.N.A., it is circumstantial evidence that supports the victim's testimony. We are mindful, moreover, that "[c]orroboration of victim testimony in rape cases is not required." *State v. Meeks*, 5th Dist. No. 2014CA00017, 2015-Ohio-1527, 34 N.E.3d 382, ¶ 81, appeal not allowed, 143 Ohio St.3d 1543, 2015-Ohio-4633, 40 N.E.3d 1180, citing *State v. Cuthbert,* 5th Dist. Delaware No. 11CAA070065, 2012-Ohio-4472, 2012 WL 4474720, ¶ 28 and *State v. Johnson,* 112 Ohio St.3d 210–217, 2006-Ohio-6404, 858 N.E.2d 1144, at ¶ 53.

{¶32} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin*, 20 Ohio App.3d at 175. The jury neither lost its way nor created a miscarriage of justice in convicting appellant upon one count of rape. Appellant's first and second assignments of error are overruled.

## III.

{¶33} In his third assignment of error, appellant argues he was deprived of a fair trial by numerous instances of prosecutorial misconduct. We disagree.

{¶34} The test for prosecutorial misconduct is whether the prosecutor's remarks and comments were improper and if so, whether those remarks and comments

prejudicially affected the substantial rights of the accused. *State v. Lott,* 51 Ohio St.3d 160, 166, 555 N.E.2d 293 (1990), cert. denied, 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596 (1990). In reviewing allegations of prosecutorial misconduct, we must review the complained-of conduct in the context of the entire trial. *Darden v. Wainwright,* 477 U.S. 168, 184, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived appellant of a fair trial based on the entire record. *Lott,* supra, 51 Ohio St.3d at 166, 555 N.E.2d 293.

{¶35} Appellant cites a number of instances of alleged prosecutorial misconduct throughout the trial. We note appellant did not object to any of these comments at trial. If trial counsel fails to object to the alleged instances of prosecutorial misconduct, the alleged improprieties are waived, absent plain error. *State v. White,* 82 Ohio St.3d 16, 22, 1998–Ohio–363, 693 N.E.2d 772 (1998), citing *State v. Slagle,* 65 Ohio St.3d 597, 604, 605 N.E.2d 916 (1992).

{¶36} We therefore review appellant's allegations under the plain-error standard. Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places several limitations on a reviewing court's determination to correct an error despite the absence of timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Dunn,* 5th Dist. No.2008–CA–00137, 2009–Ohio–1688, citing *State v. Morales,* 10 Dist. Nos.

03-AP-318, 03-AP-319, 2004-Ohio-3391, at ¶ 19. The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶37} Appellant asserts the prosecutor mischaracterized the victim's testimony in closing argument but we disagree. In closing argument, a prosecutor may comment on "what the evidence has shown and what reasonable inferences may be drawn therefrom." *State v. Young,* 5th Dist. Richland No. 14CA25, 2015-Ohio-2075, ¶ 25, citing *Lott*, supra, 51 Ohio St.3d at 165. The summary of the victim's testimony cited here is a fair comment on the evidence.

{¶38} Appellant alleges the prosecutor "provided inaccurate sentencing information to the court," to wit, that the rape conviction implicated a mandatory prison sentence pursuant to R.C. 2929.13(F)(2).[2] Appellant cites and repeats the section in his brief but argues the mandatory prison term does not apply because the victim is not under 13 years of age and the indictment did not contain a sexually-violent predator

---

[2]    R.C. 2929.13(F)(2) states: Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20, divisions (C) to (I) of section 2967.19, or section 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the term or terms pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:
    (2) Any rape, regardless of whether force was involved and regardless of the age of the victim, or an attempt to commit rape if, had the offender completed the rape that was attempted, the offender would have been guilty of a violation of division (A)(1)(b) of section 2907.02 of the Revised Code and would be sentenced under section 2971.03 of the Revised Code[.]

specification. These are not elements of a mandatory prison term for rape and the prosecutor did not misstate the sentencing terms.

{¶39} Appellant argues the prosecutor improperly impugned defense trial counsel but we disagree with the characterization of the statements. "Prosecutors are entitled to respond, fairly, to arguments of the defense." *State v. Young*, 5th Dist. Richland No. 14CA25, 2015-Ohio-2075, ¶ 30. The prosecutor did not impugn counsel.

{¶40} Appellant summarily argues the prosecutor committed several other acts of misconduct but upon our review of the record, we disagree that the statements were improper, much less that "absent the prosecutor's comments, the jury would not have found defendant guilty." *State v. Clay*, 181 Ohio App.3d 563, 2009–Ohio–1235, 910 N.E.2d 14 at ¶ 49 (8th Dist.), citing *State v. Smith*, 14 Ohio St.3d 13, 470 N.E.2d 883 (1984).

{¶41} Appellant has not demonstrated any improper conduct by the prosecutor, much less any that rises to the level of plain error. Appellant's third assignment of error is overruled.

IV.

{¶42} In his fourth assignment of error, appellant argues the trial court sentenced him under the incorrect belief that the mandatory provisions outlined in R.C. 2929.13(F) applied in the instant case. We disagree.

{¶43} As we noted in our discussion of appellant's third assignment of error, the prosecutor advised the trial court that a prison term is mandatory upon any rape conviction pursuant to R.C. 2929.13(F)(2). A rape conviction carries a mandatory prison term and

the defendant is ineligible for judicial release. See, *State v. Cunningham*, 5th Dist. Coshocton No. 05CA018, 2006-Ohio-4695.

{¶44} Appellant again argues the mandatory term does not apply in this case because the victim is not under the age of 13 and he was not indicted as a sexually-violent predator. These are not requirements to impose a mandatory prison term upon a rape conviction.

{¶45} Appellant's fourth assignment of error is overruled.

V.

{¶46} In his fifth assignment of error, appellant argues juror misconduct required the trial court to grant appellant's motion for new trial. We disagree.

{¶47} The analysis of a case involving alleged juror misconduct requires a two-tier inquiry. First, it must be determined whether there was juror misconduct. Second, if juror misconduct is found, it must then be determined whether the misconduct materially affected appellant's substantial rights. *State v. Meeks*, supra, 2015-Ohio-1527 at ¶ 115, citing *State v. Taylor*, 73 Ohio App.3d 827, 833, 598 N.E.2d 818 (4th Dist.1991).

{¶48} The hearing in this case was conducted pursuant to Ohio Evid. R. 606(B), which states in pertinent part:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. A juror may testify

on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. * * * *.

{¶49} The trial court's decision that no juror misconduct occurred, and subsequent denial of a new trial, is not an abuse of discretion. In cases involving outside influences on jurors, trial courts are granted broad discretion in dealing with the contact and determining whether to declare a mistrial or to replace an affected juror. Id. at ¶ 117, citing *State v. Phillips*, 74 Ohio St.3d 72, 89, 656 N.E.2d 643, 661 (1995), and *United States v. Daniels*, 528 F.2d 705, 709–710 (C.A.6, 1976); *United States v. Williams*, 822 F.2d 1174, 1189 (C.A.D.C.1987); Annotation, 3 A.L.R.5th 963, 971, Section 2 (1992). A trial judge's determination of possible juror bias should be given great deference only upon the appellate court's satisfaction that the trial judge exercised sound discretion in determining whether juror bias existed and whether it could be cured. Id., citing *State v. Gunnell*, 132 Ohio St.3d 442, 2012-Ohio-3236, 973 N.E.2d 243, ¶ 29. We are satisfied the trial court exercised sound discretion.

{¶50} Appellant failed to produce sufficient evidence of improper outside influence upon the jury. The existence of a newspaper article about the case is not sufficient evidence that an act of juror misconduct occurred.

{¶51} Appellant's fifth assignment of error is overruled.

VI.

{¶52} In his sixth assignment of error, appellant argues he received ineffective assistance of trial counsel.  We disagree.

{¶53} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶54} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶55} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶56} First, appellant cites defense trial counsel's failure to object to the mandatory prison term.  As we addressed supra, appellant's prison term is mandatory.

{¶57} Next, appellant cites defense trial counsel's comments in voir dire and opening statement about appellant's status as an immigrant and his understanding of

texts from the victim. The trial court later told the jury to disregard these statements because they were not supported by the evidence at trial in light of appellant's decision not to testify. Counsel's comments were reasonable trial strategy because when the statements were made, the possibility existed appellant would testify. His citizenship status was a legitimate matter of inquiry during voir dire.

{¶58} Finally, appellant cites multiple failures to object without stating what the basis for objection might have been. None of the cited examples are necessarily objectionable and trial counsel's decision to ignore them may be reasonably attributed to trial strategy. Trial strategy and even debatable trial tactics do not establish ineffective assistance of counsel. *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101. Strategic choices made after substantial investigation "will seldom if ever" be found wanting. *Strickland,* supra, 466 U.S. at 681, 104 S.Ct. 2052. Moreover, the failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel. *State v. Crawford,* 5th Dist. No. 07 CA 116, 2008-Ohio-6260, 2008 WL 5077638, ¶ 72, appeal not allowed, 123 Ohio St.3d 1474, 2009-Ohio-5704, 915 N.E.2d 1255, citing *State v. Fears,* 86 Ohio St.3d 329, 347, 715 N.E.2d 136 (1999). Ultimately we find no reasonable probability the outcome of the trial would have been different had such objections been raised. See, *State v. Graber,* 5th Dist. No. 2002CA00014, 2003-Ohio-137, 2003 WL 124283, ¶ 154, appeal not allowed, 101 Ohio St.3d 1466, 2004-Ohio-819, 804 N.E.2d 40.

{¶59} Appellant's sixth assignment of error is overruled.

VII.

{¶60} In his seventh assignment of error, appellant argues the trial court should not have instructed the jury to disregard statements made by defense trial counsel regarding appellant's citizenship status. We disagree.

{¶61} In opening statement, defense trial counsel stated appellant came to the U.S. from Sierra Leone. Further, in reference to texts between appellant and the victim after the rape, defense trial counsel stated appellant understood the victim referred to a "hug," prompting him to apologize, and he did not realize she alleged rape. When these comments were not supported by any evidence at trial, the trial court properly instructed the jury to disregard.

{¶62} "[A] court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings." *State v. Farringer*, 5th Dist. Fairfield No. 14-CA-43, 2015-Ohio-2644, ¶ 19, appeal not allowed, 144 Ohio St.3d 1440, 2015-Ohio-5468, 43 N.E.3d 451, citing *State v. Guster,* 66 Ohio St.2d 266, 271, 421 N.E.2d 157 (1981). A trial court does not abuse its discretion when it instructs the jury to disregard an issue raised by a defendant in opening statement when no evidence in support is presented at trial. *State v. Johnson*, 11th Dist. Ashtabula No. 2001-A-0043, 2002-Ohio-6570, ¶ 27.

{¶63} Appellant's seventh assignment of error is overruled.

VIII.

{¶64} In his eighth assignment of error, appellant summarily argues the trial court erred in allegedly making a conclusory statement regarding appellant's guilt during jury instructions. We disagree.

{¶65} We have reviewed the cited comment and disagree with appellant's characterization of it as a conclusory statement of appellant's guilt. The trial court merely informed the jury of the allegations contained in the indictment during preliminary jury instructions. The description of the conduct does not constitute a comment on appellant's guilt or innocence.

{¶66} Appellant's eighth assignment of error is overruled.

IX.

{¶67} In his ninth assignment of error, appellant claims the effect of cumulative errors in the jury trial deprived him of a fair trial. We disagree.

{¶68} In *State v. Garner*, 74 Ohio St.3d 49, 64, 656 N.E.2d 623 (1995), the Ohio Supreme Court held pursuant to the cumulative error doctrine "a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal."

{¶69} In the instant case, we do not find multiple instances of harmless error triggering the cumulative error doctrine, and appellant's ninth assignment of error is therefore overruled.

**CONCLUSION**

{¶70} Appellant's nine assignments of error are overruled and the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J.

Baldwin, J., concur.